John Sedor, Alaska Bar No. 8806142
Email: sedor@alaskalaw.pro
John M. Ptacin, Alaska Bar No. 0412106
Email: ptacin@alaskalaw.pro
SEDOR WENDLANDT EVANS FILIPPI LLC
500 L Street, Suite 500
Anchorage, Alaska 99501
Phone: (907) 677-3600
Fax: (907) 677-3605

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DAWN ADAMS & SCOTT ADAMS on behalf of H.A.; JESSICA CLARKSON & URIAH CLARKSON on behalf of W.C.; JOY HEASLEY & A. RICHARD HEASLEY on behalf of K.M-H. & M.M-H.; GANNON CLARKSON; and MITCHELL CLARKSON,<br><br>           Plaintiffs,<br><br>vs.<br><br>MATANUSKA-SUSITNA BOROUGH SCHOOL DISTRICT.<br><br>           Defendant. | Case 3:23-cv-00265-SLG |

**OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

This matter is before the Court on Plaintiff's Motion, which asks the Court to enjoin the Matanuska-Susitna Borough School District from reviewing library materials.

Case 3:23-cv-00265-SLG   Document 16   Filed 01/23/24   Page 1 of 20

Plaintiffs' motion makes an extraordinary request—it asks the Court to order a School District to reshelve books, even though school officials and members of the public have not completed their review. Plaintiffs' motion asks the Court to weigh in on a matter of local autonomy in stark contrast to guidance from the United States Supreme Court.[1] In support of their motion, Plaintiffs have only relied upon a select number of public comments instead of the actions of the District in this case.

Plaintiffs have failed to meet their burden for the issuance of a preliminary injunction.

## BACKGROUND

The Matanuska-Susitna Borough School District (District) is located approximately thirty-five miles north of Anchorage and is co-terminus with the Matanuska-Susitna Borough. The District is approximately 25,000 square miles in size – larger than the entire state of West Virginia.[2] It is one of, if not the, fastest

---

[1] "Even if the Court disagreed with the District's actions, "it is not the function of the courts to make the decisions that have been properly relegated to the elected members of school boards." *See Board of Education, Island Trees Union Free School Dist. No. 26 v. Pico*, 457 U.S. 853, 921(1982)(O'Connor, J., dissenting); *accord Reeder v. Kansas City Bd. of Police Comm'rs*, 796 F.2d 1050, 1055 (8th Cir. 1986) (explaining "the limitations of constitutional litigation" do not allow a court to judge "the wisdom or fairness" of a law because "wisdom, fairness, and policy of statutes" are not the business the courts)." *See also C.K.-W. by and through T.K. v. Wentzville R-IV School District*, 619 F.Supp.3d 906, 920 (E.D. Mo. 2022); See Also *L.H. v. Independence School District*, 2023 WL 2192234 * 4 (W.D. Mo. 2023)(affirming the analysis in the aforementioned *C.K.* case).

[2] Ainsworth Aff. ¶ 3, Exhibit 1.

OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION  Page 2 of 20
Adams et al v. Matanuska Susitna Borough School District
Case No. 3:23-cv-00265-SLG

growing areas of Alaska and is the second largest school district in the state. The District serves approximately 19,500 students at 48 schools.[3]

The School Board (or Board) is the governing body of the District—it is made up of elected officials who reside in specific regions to ensure that all areas of the Borough are adequately represented on the governing body.[4]

The District operates libraries at its schools, maintaining over 400,000 titles.[5] Under Board Policy 6163.01, the librarian at each school selects materials for shelving, in consultation with the principal, department chairpersons, and teachers.[6] Most of the time, when a book is placed on the shelf, the librarian's choices support and enrich the curriculum, grow a student's factual knowledge, and bolster an appreciation for literature, the arts, and the sciences.

In recent years, public libraries have become a flashpoint in American society. Members of the public have raised concerns that materials in various libraries might be improper and ought to be removed.[7] Like many debates of our time, pundits group the populace into one of two lanes. The left lane pundits argue any attempt to review public school library materials constitutes "book banning."[8] The right lane pundits advocate for the permanent removal of any library book

---

[3] Ainsworth Aff. ¶ 4.
[4] Ainsworth Aff. ¶ 5, Exhibits 1 and 2.
[5] Ainsworth Aff. ¶ 6.
[6] Ainsworth Aff. ¶ 7, Exhibit 3.
[7] https://www.washingtonpost.com/education/2023/05/18/school-librarians-jailed-banned-books/ (last viewed January 18, 2024).
[8] *ACLU of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1218-1219 (11th Cir. 2009).

OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION   Page 3 of 20
Adams et al v. Matanuska Susitna Borough School District
Case No. 3:23-cv-00265-SLG

containing a description or visual depiction of a sex act regardless of its context.[9] However, the issue is not as cut and dry as the left lane pundits and right lane pundits would have you think.[10]

### a. In response to public concerns related to library materials, the School District decides to review fifty-six titles.

In this instance, the School Board and the Administration refused to summarily pick one of the two lanes ascribed to this controversy and found, instead, a more nuanced middle lane. After local residents came to public meetings to discuss their concerns[11], the School Board and the District did not "ban" fifty-six titles but instead established a process to determine one question—whether any of these titles could be considered criminally indecent in nature.[12] The

---

[9] *GLBT Youth in Iowa School Task Force v. Reynolds*, ---F. Supp.3d--- (S.D. Iowa 2023); Westlaw citation 2023 WL 9052113 * 19.

[10] One of the books at issue in this case is "Its Perfectly Normal." See Page 3 of Plaintiff's Motion fn. 3 Doc. 10-2. Whether to keep such a book in a public school can be a matter of debate. See "Closed Book-I Watched "book bans" happen in real time. I thought they were all hysteria. Then I opened one of the most challenged titles" https://slate.com/human-interest/2023/09/banned-books-list-its-perfectly-normal-facebook.html ("On Page 9, I came across the first illustration I recognized from the controversy. In the chapter "Making Love," there are three graphic images that show adult bodies having sex. There is no visible penetration, but it's still eye-popping. I was sure I wouldn't hand this book to my kids when they are 10. And I began to wonder if in my own allergy to the book-burning fervor, I had been a little too dismissive of the parents at the root of this fight… I realize my kids will be able to see worse on the internet before I know it, but I still wondered: Is it so crazy not to want them to be able to find this in the library?")(last viewed January 18, 2024).

[11] See, e.g. March 28, 2023 MSBSD School Board/MSB Assembly Joint Meeting, https://vimeo.com/msbsd at 12:30-53:58 (last viewed January 22, 2024).

[12] McCollum Aff. ¶ 5; Ainsworth Aff. ¶ 11, Exhibit 5.

OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION     Page 4 of 20
Adams et al v. Matanuska Susitna Borough School District
Case No. 3:23-cv-00265-SLG

Case 3:23-cv-00265-SLG   Document 16   Filed 01/23/24   Page 4 of 20

Board and the Administration relied upon advice from legal counsel on how to set up such a review.[13] In their motion for preliminary injunction, plaintiffs ignore this, citing only snippets of public testimony and not what happened after the public testimony.[14]

To ensure for an orderly review, and upon the advice of counsel, the School Board and the Administration temporarily removed fifty-six titles and commissioned a Library Citizen Advisory Committee (LCAC or Committee) to review the books.[15] The Committee has eleven members and they are not under the control of any person or entity.[16] Seven of the members represent each region of the School District and four members are District employees, including one librarian.[17] Despite Plaintiff's claims, the Committee's work focuses on criminal indecency.[18] Under Alaska Law, it is a crime to distribute materials to minors if: (1) the average individual, applying contemporary community standards, would find that the material, taken as a whole, appeals to the prurient interest in sex for persons under 16 years of age; (2) a reasonable person would find that the material,

---

[13] See, August 10, 2023, Committee Agenda and audio: Mat Su School District Library Citizens Advisory Committee 2023-8-10 at 12:15-41:34.
https://www.bigcabbageradio.org/2023/08/10/matsu-school-district-library-citizens-advisory-committee-2023-8-1o/ (last viewed January 22, 2024).
[14] Underlying Motion, Doc 10-2 pgs. 3-5.
[15] McCollum Aff. ¶ 5; Ainsworth Aff. ¶ 9, Exhibit 4.
[16] See, August 10, 2023, Committee Agenda and audio: Mat Su School District Library Citizens Advisory Committee 2023-8-10. For introductions of the committee members, see audio at 5:00 to 11:30 which can be found at
https://www.bigcabbageradio.org/2023/08/10/matsu-school-district-library-citizens-advisory-committee-2023-8-1o/ (last viewed January 22, 2024).
[17] Ainsworth Aff. ¶¶ 8, 10; McCollum Aff. ¶ 5.
[18] Ainsworth Aff. ¶ 12, Exhibit 6; See also Alaska Statute 11.61.128.

OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION                                    Page 5 of 20
Adams et al v. Matanuska Susitna Borough School District
Case No. 3:23-cv-00265-SLG

Case 3:23-cv-00265-SLG   Document 16   Filed 01/23/24   Page 5 of 20

taken as a whole, lacks serious literary, artistic, educational, political, or scientific value for persons under 16 years of age; and (3) the material depicts actual or simulated conduct in a way that is patently offensive to the prevailing standards in the adult community as a whole with respect to what is suitable for persons under 16 years of age.[19]

The Committee, at its first meeting in August 2023, heard a thorough, serious, and objective primer from an attorney on the standard it was to apply.[20] The standard utilized by this District—criminal indecency—is deserving of further mention. The District did not seek to have books evaluated simply for "vulgarity,"[21] (*Pico*) nor is the Committee reviewing whether a book matches the "religious and family values" of the community as a whole (*Pratt*).[22] School

---

[19] Alaska Statute 11.61.128.
[20] See, August 10, 2023, Committee Agenda and audio: Mat Su School District Library Citizens Advisory Committee 2023-8-10. For introductions of the committee members, see audio at 5:00 to 11:30 which can be found at 12:15 – 41.34 https://www.bigcabbageradio.org/2023/08/10/matsu-school-district-library-citizens-advisory-committee-2023-8-1o/ (last viewed January 22, 2024).
[21] See *Pico*, 457 U.S. 853 at 871 (held plaintiffs implicitly conceded in *Pico* an unconstitutional motivation would not be demonstrated if it were shown that petitioners had decided to remove the books at issue because those books were pervasively vulgar).
[22] *Pratt v. Independent School District No. 831, Forest Lake, Minnesota*, 670 F.2d 771, 777 (8th Cir. 1982) (held at the very least, the First Amendment precludes local authorities from imposing a 'pall of orthodoxy' on classroom instruction which implicates the state in the propagation of a particular religious or ideological viewpoint).

OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION                    Page 6 of 20
Adams et al v. Matanuska Susitna Borough School District
Case No. 3:23-cv-00265-SLG

Case 3:23-cv-00265-SLG   Document 16   Filed 01/23/24   Page 6 of 20

Districts can ultimately remove a book even if it contains content that is less than obscene in the adult context.[23]

The District publicly notices the Committee's meetings, which are broadcast live on a local radio station.[24] The Committee's work and recommendations are available on its web page.[25] Since August 2023, the Library Advisory Committee has met once a month to discuss the books each member read during the prior month. Their work resembles that of a book club—the members thoughtfully and respectfully discussing the books.[26] Absent from plaintiff's motion for preliminary injunction is any mention of this orderly, transparent, and public process.

### b. The Library Advisory Committee has been conducting a constitutional review of the books since August 2023.

As noted above, the Committee meets each month and has recommended School Board action on nineteen titles.[27] Some of the books reviewed thus far have raised little to no concern. For example, the Committee has unanimously recommended that Slaughterhouse Five, Kite Runner,[28] Persepolis, Persepolis 2-A

---

[23] *GLBT Youth In Iowa Schools Task Force v. Robbins*, __ F.Supp.3d __, 2023 WL 9052113 *14; 17 (S.D. Iowa 2023). This is because the constitutional rights of students in a public school are not coextensive with those of adults in other settings in part, because particular works may appeal to the prurient interest of minors more so than adults and may further lack redeeming value for minors. *Morse v. Frederick*, 551 U.S. 393, 404-05 (2007).

[24] Ainsworth Aff. ¶¶ 8, 10.

[25] Ainsworth Aff. ¶¶ 8; See https://www.matsuk12.us/Page/49141

[26] Ainsworth Aff. ¶¶ 8, 10.

[27] Affidavit of Kathy McCollum ¶ 8.

[28] On October 13, 2023, the Committee met to discuss the book "Kite Runner." As with the other books, Committee members discussed the book in detail. Committee members made the following observations prior to voting it was not obscene…"it's a

OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION          Page 7 of 20
Adams et al v. Matanuska Susitna Borough School District
Case No. 3:23-cv-00265-SLG

Case 3:23-cv-00265-SLG   Document 16   Filed 01/23/24   Page 7 of 20

Story of a Return, and Drama are not criminally indecent and that these books should be available to certain grade levels.[29] The Committee also voted 8-0 that "It Ends With Us" meets the local standards of criminal indecency and by a vote of 10-0, recommended the book should not appear in public school libraries in the future.[30] The Committee learned this book was briefly shelved by a school librarian but then flagged and removed as adult literature prior to the Committee's work.[31] During their discussion, Committee Members took issue with the glorification of abusive sex and domestic violence depicted in "It Ends With Us."[32] Two other books on the Committee's reading list—Red Hood and Silver Flames—have already raised concerns from Committee members.[33]

Despite the orderly process unfolding in the District, Plaintiffs claim that temporarily removing fifty-six titles and establishing a Committee means the

---

book that should be read with care by teenagers"…"the sexual assault in the book was harsh, but real"…"having been to Afghanistan, the cultural accuracy in the book was superb"…"As Americans, its important to read works from other cultures." See https://www.bigcabbageradio.org/2023/10/13/matsu-school-district-library-citizens-advisory-committee-2023-10-12/ at 44:00 to 48:37.

[29]   Ainsworth Aff. ¶¶ 8, 10.

[30]   Ainsworth Aff. ¶¶ 8, 10. See also Meeting Audio 43:10-55:47 which can be found at https://drive.google.com/file/d/14lJ01FokYasxwN2ucIFPirD1WGYGb6zZ/viewhttps://www.matsuk12.us/Page/49141 (last viewed January 18, 2024).

[31]   Ainsworth Aff. ¶¶ 8, 10. See also Meeting Audio 43:10-55:47 which can be found at https://drive.google.com/file/d/14lJ01FokYasxwN2ucIFPirD1WGYGb6zZ/viewhttps://www.matsuk12.us/Page/49141 (last viewed January 18, 2024).

[32]   *Id*.

[33]   Ainsworth Aff. ¶ 8.

OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION                                    Page 8 of 20
Adams et al v. Matanuska Susitna Borough School District
Case No. 3:23-cv-00265-SLG

Case 3:23-cv-00265-SLG   Document 16   Filed 01/23/24   Page 8 of 20

District has "banned the…books from all school libraries on the basis they contain LGBTQ themes or protagonists of color."[34]

First, despite calling this a case about book bans, plaintiffs make no factual allegations about anyone banning any books.[35] Nowhere do Plaintiffs allege the School District has prohibited anyone from reading, owning, possessing, or discussing any of these books.[36] Rather, the District temporarily removed .0015% of its books while a Committee makes recommendations about their propriety for inclusion in the library. The District is not banning students from reading the books at issue here. Nor is it banning students from acquiring the books or lending the books to others on their own time. Students may borrow the books from any other library or from a friend or neighbor. They likewise are free to purchase the books. Nor is the District banning students from discussing the books at school during their free time or encourage others to read them.[37]

---

[34] Underlying Motion, Document 10-2 at 2, 8-9, 12-13.
[35] *ACLU of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d at 1218 (noted that *Pico* does not use the word *ban* or any similar language to describe the board's actions—a school district does not ban a book when, through its authorized school board, it decides not to continue possessing a book on its own library shelves).
[36] A review of the directions given to the Committee by the District's attorney demonstrate the pure rhetorical nature of Plaintiffs' book banning claim. See audio 12:15-41:34 at https://www.bigcabbageradio.org/2023/08/10/matsu-school-district-library-citizens-advisory-committee-2023-8-1o/ (last viewed January 22, 2024).
[37] See also Meeting Audio 48:00-49:30 which can be found at https://drive.google.com/file/d/14lJ01FokYasxwN2ucIFPirD1WGYGb6zZ/viewhttps://www.matsuk12.us/Page/49141 (last viewed January 18, 2024). There, Committee member Amber Renela, who is a teacher in the District, states she has seen students with copy of the book and she has not confiscated the book. See also *C.K.-W. by and through T.K. v. Wentzville R-IV School District*, 619 F.Supp.3d 906, 920 (E.D. Mo. 2022)(finding similar claims of "book banning" unpersuasive).

OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION        Page 9 of 20
Adams et al v. Matanuska Susitna Borough School District
Case No. 3:23-cv-00265-SLG

Case 3:23-cv-00265-SLG   Document 16   Filed 01/23/24   Page 9 of 20

Courts have cautioned litigants in similar cases to refrain from "overwrought rhetoric" and instead focus on the facts.[38] As a general matter, a school district does not "ban" a book when, "through its authorized school board," it "decides not to continue possessing [a] book on its own library shelves."[39] A School District certainly does not ban a book when it decides to review a book either.

Second, the plaintiffs cite to no evidence the School Board is targeting LGBTQ themed books or books featuring protagonists of color. Their motion simply lists the books and some public comments that could be construed that way, ignoring the focus of the Committee in this case.

## DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right."[40] Here, the requested injunction runs counter to the role of School Boards in our society.[41] Indeed, the education of the Nation's youth is primarily the responsibility of parents, teachers, and state and local school officials, and absent extreme circumstances, not of federal judges.[42]

With these principles in mind, the Court must examine the standard four

---

[38] *ACLU of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d at 1218.

[39] *Id.*; *C.K.-W. by and through T.K. v. Wentzville R-IV School District*, 619 F.Supp.3d 906, 920 (E.D. Mo. 2022)

[40] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

[41] *Hazelwood Sch. Dist. v. Kuhlmeier*, 484 U.S. 260, 273 (1988).

[42] *Missouri v. Jenkins*, 515 U.S. 70, 99 (1995). See also *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley*, 458 U.S. 176, 207 (1982) ("[C]ourts must be careful to avoid imposing their view of preferable educational methods upon the States."); (1977) ("[L]ocal autonomy of school districts is a vital national tradition.").

OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION       Page 10 of 20
Adams et al v. Matanuska Susitna Borough School District
Case No. 3:23-cv-00265-SLG

Case 3:23-cv-00265-SLG   Document 16   Filed 01/23/24   Page 10 of 20

factors used to determine whether to issue a preliminary injunction in this case. These four factors (commonly referred to as the *Winter* factors) are: (1) likelihood to succeed on the merits, (2) likelihood of suffering irreparable harm absent the preliminary injunction, (3) the balance of equities, and (4) whether a preliminary injunction is in the public interest.[43] Plaintiffs bear the burden of establishing the propriety of the requested relief.[44]

### a. Likelihood of Success on the Merits weighs against granting a motion for preliminary injunction.

As a general matter, courts must consider all four *Winter* factors.[45] It is well-established that the first factor—success on the merits—is especially important when a plaintiff alleges a constitutional violation and injury.

If a plaintiff can show he or she is likely to prevail on the merits, that showing usually demonstrates they are suffering irreparable harm.[46] Likelihood of succeeding on the merits also tips the public interest sharply in Plaintiff's favor because it is "always in the public interest to prevent the violation of a party's constitutional rights."[47]

---

[43] See *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) as cited by *Baird v. Bonta*, 81 F.4th, 1036, 1040 (9th Cir. 2023).
[44] *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); see also *Winter v. Natural Res. Def. Council*, Inc., 555 U.S. 7, 24 (2008).
[45] *Vivid Ent., LLC v. Fielding*, 774 F.3d 566, 577 (9th Cir. 2014).
[46] See *Planned Parenthood Ariz., Inc. v. Humble*, 753 F.3d 905, 911 (9th Cir. 2014), abrogated on other grounds by *Dobbs v. Jackson Women's Health Org.*, ⸺ U.S. ⸺ (2022).
[47] *Riley's Am. Heritage Farms v. Elsasser*, 32 F.4th 707, 731 (9th Cir. 2022) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)).

OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION　　　　　　　　　　Page 11 of 20
Adams et al v. Matanuska Susitna Borough School District
Case No. 3:23-cv-00265-SLG

Case 3:23-cv-00265-SLG   Document 16   Filed 01/23/24   Page 11 of 20

Here, plaintiffs have not shown they are likely to prevail on the merits. To have a fair chance at prevailing in this case, the First Amendment would need to do some extraordinary things given the role school boards play in American society. For plaintiffs to prevail, the First Amendment would have to prohibit public school officials from removing a limited number of books from their shelves for any purpose.[48] By way of example, now that the Committee has voted unanimously that "It Ends With Us" is criminally indecent under local obscenity standards, the Court, having not likely read the book, would have to override this decision and keep it on the shelf if another copy turned up, for example, in an elementary school library. This is an untenable position for the court—which is why First Amendment library challenges typically await final decisions from a Board prior to Court involvement. In this case, the Committee's work is only one third complete.[49] The Court would have to presume the Committee had improper motives in concluding that under local standards, "It Ends With Us" should never return to the public school libraries in the Mat Su. The same holds true for all fifty-six titles.

The First Amendment would also have to mandate that public schools cannot temporarily remove books while community members and District employees make recommendations to the School Board. Here, the Committee has met regularly, in public, with a transparent website that tracks the committee's

---

[48] *C.K.-W. by and through T.K. v. Wentzville R-IV School District*, 619 F.Supp.3d 906, 920 (E.D. Mo. 2022).
[49] Ainsworth Aff. ¶¶ 8, 10; McCollum Aff. ¶ 8.

OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION                    Page 12 of 20
Adams et al v. Matanuska Susitna Borough School District
Case No. 3:23-cv-00265-SLG

Case 3:23-cv-00265-SLG   Document 16   Filed 01/23/24   Page 12 of 20

work and recommendations.[50] To be thoughtful and meaningful, this process takes time. As of this writing, the Committee has worked through approximately one-third of the books.[51] Plaintiffs had access to the meeting recordings. Yet they fail to cite any evidence the Committee's work violates the First Amendment.

The law does not support Plaintiff's request for preliminary injunction. They rely heavily on the plurality opinion of Justice Brennan in *Board of Education, Island Trees Union Free School District No. 26 v. Pico* to support their arguments. But *Pico* was a sharply divided decision from the Burger Court that produced seven opinions, none of which garnered a majority.[52] Plaintiffs' reliance on *Pico* is strained by fundamental factual differences between that case and this case. *Pico* involved a school board that established a committee to review challenged books for ""educational suitability," "good taste," "relevance," and "appropriateness to age and grade level."[53] In this case, the Mat Su School District is only reviewing the books for criminal indecency and grade level. In *Pico*, after receiving the committee recommendations, the Board substantially rejected the committee's recommendations and "gave no reasons for rejecting the recommendations of the Committee that it had appointed."[54] Here, the Mat Su School Board has yet to make any decisions related to the books under review and there is no evidence the Board

---

[50]    Ainsworth Aff. ¶¶ 8, 10.

[51]    *Id*.

[52]    Other Federal courts have reached similar conclusions regarding the precedential value of *Pico*. See *C.K.-W. by and through T.K. v. Wentzville R-IV School District*, 619 F.Supp.3d 906, 913 (E.D. Mo. 2022).

[53]    *Pico*, 457 U.S. at 857-858 (1982).

[54]    *Pico*, 457 U.S. at 858 (1982).

OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION     Page 13 of 20
Adams et al v. Matanuska Susitna Borough School District
Case No. 3:23-cv-00265-SLG

Case 3:23-cv-00265-SLG    Document 16    Filed 01/23/24    Page 13 of 20

will not take committee recommendations under advisement.

Plaintiffs fail to explain what they really seek—an extension of *Pico* to the underlying review process. They ask this Court to intervene now, notwithstanding *Pico's* recognition of the autonomous role school boards play in American society. The rule contemplated by Plaintiffs—that School Districts and local citizens should not be trusted to make constitutionally sound judgments in the first instance—would apply to every geographic region of the State of Alaska, denying large and small School Districts alike the autonomy to wade into these complex issues. Plaintiff's proposed remedy would chill a local school district's desire to review books under local standards.

Due to the careful balance between local autonomy and the First Amendment rights of students, the *Pico* plurality did not set bright line rules. That is why Justice Brennan's plurality opinion was not endorsed by a majority of the court, one dissenter calling it "a lavish expansion going beyond any prior holding under the First Amendment, express[ing] its view that a school board's decision concerning what books are to be in the school library is subject to federal-court review."[55]

It is not clear what, if anything, from *Pico* is binding on this case, where the School Board has yet to decide the fate of any of the books under review.[56]

---

[55] The Brennan plurality opinion is not binding precedent. See *Pico*, 457 U.S. at 885, 889 (Burger, C.J., dissenting, joined by Powell, Rehnquist, and O'Connor, JJ.). ("Were [the plurality opinion] to become the law ....").

[56] See *Griswold v. Driscoll*, 616 F.3d 53, 57-58 (1st Cir. 2010) (Souter, J.)(noting difficulty in applying *Pico* to a different set of facts).

OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION                              Page 14 of 20
Adams et al v. Matanuska Susitna Borough School District
Case No. 3:23-cv-00265-SLG

Case 3:23-cv-00265-SLG   Document 16   Filed 01/23/24   Page 14 of 20

To determine what could be binding from *Pico*, it is necessary to determine what the justices agreed to on the narrowest grounds.[57] Justice White's opinion therefore controls.[58] Justice White affirmed the judgment below because he was "not inclined to disagree with the Court of Appeals" that a material issue of fact precluded summary judgment.[59]

The material issue of fact in *Pico* was the reason or reasons underlying the school board's removal of the books. Justice White wrote that while the plurality seemed compelled to issue a dissertation on the extent to which the First Amendment limits the discretion of the school board to remove books from the school library, he would not reach that constitutional question until it was necessary to do so.[60] At most, Justice White's concurring position suggests the First Amendment imposes some degree of limitations upon the discretion of the removal of books from a public-school library.[61] That conclusion, however, is hardly earth shattering, and it does not apply to an interim step where books are temporarily removed for review.[62]

---

[57] *Marks v. United States*, 430 U.S. 188, 193 (1977).
[58] See *Pico*, 457 U.S. at 883, (White, J., concurring in the judgment); see also *Griswold*, 616 F.3d at 57-58 (explaining "Justice White concurred in [ Pico's] judgment without announcing any position on the substantive First Amendment claim"); *Muir v. Ala. Educ. Television Comm'n*, 688 F.2d 1033, 1045 n.30 (5th Cir. 1982) (en banc) (finding Justice White's opinion had the narrowest grounds for the judgment).
[59] See *Pico*, 457 U.S. at 883 (White, J., concurring in the judgment).
[60] *Pico* 457 U.S. at 883–84.
[61] See *C.K.-W. by and through T.K. v. Wentzville R-IV School District*, 619 F. Supp. 3d 906, 914 (E.D. Mo. 2022); *L.H. v. Independence School District*, 2023 WL 2192234 * 5 (W.D. Mo. 2023).
[62] See *Pico*, 457 U.S. at 907 (Rehnquist, J., dissenting, joined by Burger, C.J., and Powell, J.) ("cheerfully conced[ing]" that some "extreme examples" would violate the

OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION  Page 15 of 20
Adams et al v. Matanuska Susitna Borough School District
Case No. 3:23-cv-00265-SLG

Case 3:23-cv-00265-SLG   Document 16   Filed 01/23/24   Page 15 of 20

Even using the most expansive view of the constitutional right—that a student has a First Amendment right to receive information from the library free from suppression based on viewpoint or ideology—the *Pico* plurality recognized the countervailing interests at stake, namely that local school boards have "a substantial legitimate role to play in the determination of school library content and that districts have "significant discretion" to determine the books available in school libraries.[63] The plurality states that discretion may not be exercised in a narrowly partisan or political manner.[64] The central issue, then, is the "motivation behind" permanently removing a book subsequent to review.[65] Only if the officials intended by their removal decision to deny access to ideas with which the final decisionmaker disagreed, and if that intent was the decisive factor, does any permanent removal violate the First Amendment.[66]

It cannot be overemphasized that here, the School Board has not infused the Committee with a direction to remove viewpoints and ideas from the libraries – instead the Board has set criminal indecency as the Committee's measuring stick.[67] Whether a School District has the ability to remove criminally indecent material is beyond challenge.[68] In their motion for preliminary injunction, plaintiffs fail to

---

Constitution, like, for instance, where a Democratic school board, motivated by party affiliation, ordered the removal of all books written by or in favor of Republicans).

[63] *Pico*, 457 U.S. at 869–870.
[64] *Pico*, 457 U.S. at 870.
[65] *Pico*, 457 U.S. at 871.
[66] *Pico*, 457 U.S. at 871.
[67] Ainsworth Aff. ¶ 12, Exhibit 6.
[68] See *GLBT Youth in Iowa School Task Force v. Reynolds*, ---F. Supp.3d--- (2023) 2023 WL 9052113 * 14 *citing Bethel Sch. Dist. No. 403 v. Fraser*, 478 U.S. 675, 684 (1986)(dicta

OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION　　　　　　　　　　Page 16 of 20
Adams et al v. Matanuska Susitna Borough School District
Case No. 3:23-cv-00265-SLG

Case 3:23-cv-00265-SLG   Document 16   Filed 01/23/24   Page 16 of 20

cite the actual work of the Library Advisory Committee which is working through the titles on this basis.

Perhaps there are extreme hypotheticals where a school district's permanent removal of a book is unconstitutional. If, for example, a plaintiff could show that a school board voted to permanently remove all the autobiographies written by Republican Presidents but kept all the ones written by Democrats, the court could step in and stop that final decision. But here, there is not even a final vote to contemplate by this court. The evidence shows that an eleven-member committee is dutifully reviewing the books and making recommendations to the School Board.[69] There is no evidence the School Board is planning to ignore the process or the recommendations.

Simply put, *Pico* is not the banner that Plaintiffs would have this court believe. If anything, *Pico* stands for the importance of more facts and a more complete record. This importance is ignored by Plaintiffs—they cite a few snippets from public testimony and ask this Court to ignore the rest.

Plaintiffs have not met their burden to show they will succeed on the merits.

b. **The remaining *Winter* Factors**

Even when a plaintiff has "a strong claim on the merits," which is not the case here, a plaintiff's likelihood to succeed "must be examined in the context of

---

stating all justices ruling on the *Pico* matter agreed that school boards have the authority to remove books that are vulgar).
[69] Ainsworth Aff. ¶ 8, 10; Exhibit 6.

OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION            Page 17 of 20
Adams et al v. Matanuska Susitna Borough School District
Case No. 3:23-cv-00265-SLG

Case 3:23-cv-00265-SLG    Document 16    Filed 01/23/24    Page 17 of 20

the relative injuries to the parties and the public."⁷⁰ Thus, the district court should still consider the final three preliminary injunction factors.⁷¹

### i. Irreparable Harm

The loss of First Amendment freedoms, even for minimal amounts of time, tends to cause irreparable injury.⁷² However, "to succeed in demonstrating a threat of irreparable harm, conclusory or speculative allegations are not enough.⁷³ Even if Plaintiffs were to succeed on their claim the District's actions violate the First Amendment, their harm would not be especially great, at least compared to a prototypical First Amendment violation. The temporary removal of the books does not stop any student from reading or discussing any book, which surely would raise a more serious issue.⁷⁴ In this case, Plaintiff's counsel could have presented affidavits stating with particularity the level of harm experienced by their clients. They chose not to.

### ii.   Balance of the Harms and the Public Interest

In comparison, the harm inflicted on this and other School Districts is considerable. No party disputes that School Districts should have substantial discretion to conduct obscenity and vulgarity reviews. In *Epperson v. State of*

---

⁷⁰    *Clements v. Alan Richey, Inc.*, 165 F.Supp.2d 1068, 1082 (9th Cir. 2001).
⁷¹    *Junior Sports Magazines Inc. v. Bonta*, 80 F.4ᵗʰ 1109, 1121 (9th Cir. 2023).
⁷²    *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012).
⁷³    *Titaness Light Shop, LLC v. Sunlight Supply Inc.*, 585 Fed. Appx. 390, 391 (9th Cir. 2014).
⁷⁴    *Pico*, 457 U.S. at 921 (O'Connor, J., dissenting) (opining that a school board surely can decide which books to discontinue or remove from the school library so long as it does not also interfere with the right of students to read the material and to discuss it).

OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION                    Page 18 of 20
Adams et al v. Matanuska Susitna Borough School District
Case No. 3:23-cv-00265-SLG

Case 3:23-cv-00265-SLG   Document 16   Filed 01/23/24   Page 18 of 20

*Arkansas*, the United States Supreme Court acknowledged that lower courts should exercise care and not intervene in the resolution of conflicts which arise in the daily operation of schools unless the conduct at issue directly and sharply implicates basic constitutional values.[75] Here, Plaintiffs' proposed constitutional remedy—a court directing the reshelving of fifty-six works prior to final review—would unsettle the local autonomy afforded to school boards, which is a vital national tradition.[76] To date, the School District has expended considerable resources to make sure the review is done correctly. The balance favors upholding the autonomy of the school district in this case.

## CONCLUSION

The Court should deny the preliminary injunction motion.

DATED the 23rd day of January 2024 at Anchorage, Alaska.

       SEDOR, WENDLANDT, EVANS & FILIPPI, LLC
       Attorneys for Defendant

By:  /s/John M. Ptacin
   John M. Ptacin, State Bar No. 0412106
   SEDOR WENDLANDT EVANS FILIPPI LLC
   500 L Street, Suite 500 Anchorage, Alaska 99501
   (907) 677-3600 (Telephone)
   (907) 677-3605 (Facsimile)
   Email address: ptacin@alaskalaw.pro
   COUNSEL FOR DEFENDANTS

---

[75]  393 U.S. 97 at 104 (1968); *Kuhlmeier*, 484 U.S. at 273; see also *Brach v. Newsom*, 2020 WL 6036764, at *5 (C.D. Cal. Aug. 21, 2020).
[76]  *Missouri v. Jenkins*, 515 U.S. 70, 99 (1995).

OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION     Page 19 of 20
Adams et al v. Matanuska Susitna Borough School District
Case No. 3:23-cv-00265-SLG

Case 3:23-cv-00265-SLG   Document 16   Filed 01/23/24   Page 19 of 20

    /s/ John M. Sedor  
John M. Sedor, State Bar No. 8806142  
SEDOR WENDLANDT EVANS FILIPPI LLC  
500 L Street, Suite 500 Anchorage, Alaska 99501  
(907) 677-3600 (Telephone)  
(907) 677-3605 (Facsimile)  
Email address: sedor@alaskalaw.pro  
COUNSEL FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on 1/23/24, a true and correct copy of the foregoing was served on:

James J. Davis Jr. AK Bar No 9412140
jdavis@njp-law.com

Savannah Fletcher AK Bar No 181127
sfletcher@njp-law.com

Aneliese Palmer AK Bar No 2201001
apalmer@njp-law.com

Ruth Botstein AK Bar 9906016
rbotstein@acluak.org
courtfilings@acluak.org

by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

/s/Erin Remley
Certification Signature

OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION     Page 20 of 20
Adams et al v. Matanuska Susitna Borough School District
Case No. 3:23-cv-00265-SLG

Case 3:23-cv-00265-SLG   Document 16   Filed 01/23/24   Page 20 of 20