James J. Davis, Jr., AK Bar No. 9412140
Savannah Fletcher, AK Bar No. 1811127
Aneliese Palmer, AK Bar No. 2201001
**NORTHERN JUSTICE PROJECT, LLC**
406 G Street, Suite 207
Anchorage, AK 99501
(907) 308-3395 (telephone)
(866) 813-8645 (fax)
Email: jdavis@njp-law.com
Email: sfletcher@njp-law.com
Email: apalmer@njp-law.com

Ruth Botstein, AK Bar No. 9906016
**AMERICAN CIVIL LIBERTIES UNION OF ALASKA FOUNDATION**
1057 West Fireweed Lane, Suite 207
Anchorage, AK 99503
(907) 258-0044
Email: rbotstein@acluak.org
Email: courtfilings@acluak.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DAWN ADAMS & SCOTT ADAMS on behalf of H.A.; JESSICA CLARKSON & URIAH CLARKSON on behalf of W.C.; JOY HEASLEY and A. ROBERT HEASLEY on behalf of K.M-H. & M.M-H.; GANNON CLARKSON; and MITCHELL CLARKSON,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>MATANUSKA-SUSITNA BOROUGH SCHOOL DISTRICT,<br><br>　　　　Defendant. | **OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE SURREPLY & SUPPLEMENT**<br><br>Case No. 3:23-cv-00265-SLG |

The Matanuska-Susitna Borough School District ("the District") fails to meet the standard required to either file a surreply or to supplement the record. Its motion should be denied.

## I. The District Presents Improper and Incorrect Bases to File a Surreply.

### A. Standard to File a Surreply

"Parties do not have the right to file surreplies and . . . [t]he Court generally views motions for leave to file a surreply with disfavor."[1] A party's "desire to have the final word is not an adequate basis upon which to allow him to file a surreply."[2]

The District cites only one case to justify its seeking to file a surreply: *Paul Steelman Ltd. V. HKS, Inc.*[3] But, in that case, the Court did not consider either the sur-opposition or the sur-reply filed by the parties.[4] And even the case cited by *Paul Steelman Ltd.* stated that it would have denied the motion for leave to file a surreply had it not been for a new "factual allegation of substantial import" that should have actually been raised in the initial opposition, calling the attorney's brief "sloppy lawyering, regardless of his attempts to correct his failures through a surreply."[5] In that case a surreply was only permitted "in the interest of justice and in light of the

---

[1] *Garcia v. Biter*, 195 F.Supp 3d 1131, 1133-34 (E.D. Cal. 2016).

[2] *Hammler v. Dir. Of CDCR*, 2020 U.S. Dist. LEXIS 23653, *6 (E.D. Cal. 2020).

[3] *Paul Steelman Ltd. V. HKS, Inc.*, 2009 U.S. Dist. LEXIS 146392 (D. Nev. 2009).

[4] *Id.* at *1 n.1.

[5] *Abderrahim Tnaib v. Document Techs., LLC*, 450 F. Supp. 2d 87, 89 n.3 (D.D.C. 2006).

Northern Justice Project, LLC
A Private Civil Rights Firm
406 G Street, Suite 207
Anchorage, AK 99501
Phone: (907) 308-3395; Fax: (866) 813-8645

case law governing the claims in this case."[6] The District points to no case where a surreply was granted other than this extreme example.

### B. Plaintiffs' Argument About the Library Advisory Committee Is Not a Basis for a Surreply.

The Plaintiffs never discussed the Library Advisory Committee in their opening brief seeking a preliminary injunction. It was the District that first brought up this Committee in its opposition — as a defense to its unconstitutional behavior.[7] Accordingly, Plaintiffs properly replied to the District's defense in their reply.[8]

The Local Rules are abundantly clear: "Reply memoranda are optional and restricted to rebuttal of **factual** and **legal** arguments raised in the opposition."[9] The Plaintiffs did as is their legal right: they rebutted the factual and legal arguments about the Library Advisory Committee that were brought up by the District. A party's "desire to have the final word is not an adequate basis upon which to allow him to file a surreply."[10]

Unlike the one case cited by the District, there are no allegations that a

---

Northern Justice Project, LLC
A Private Civil Rights Firm
406 G Street, Suite 207
Anchorage, AK 99501
Phone: (907) 308-3395; Fax: (866) 813-8645

[6] *Id.*

[7] Docket 16, Defendant's Opposition to Motion for Preliminary Injunction, p. 4-8, 12, 16-17.

[8] Docket 19, Reply in Support of Plaintiffs' Motion for Preliminary Injunction, p. 4-6, 15-16.

[9] Local Civil Rule 7.1(c).

[10] *Hammler v. Dir. Of CDCR*, 2020 U.S. Dist. LEXIS 23653, *6 (E.D. Cal. 2020).

OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE SURREPLY & SUPPLEMENT
*Adams, et. al v. Matanuska-Susitna Borough Sch. Dist.*
Case No. 3:23-cv-00265-SLG
Page 3 of 7

Northern Justice Project, LLC
A Private Civil Rights Firm
406 G Street, Suite 207
Anchorage, AK 99501
Phone: (907) 308-3395; Fax: (866) 813-8645

surreply in this situation is "in the interest of justice."[11] Instead, the District simply states that "Defendants seek to respond" to the Plaintiffs' arguments.[12] This desire to have the "final word" has been repeatedly denied as a basis to grant a surreply.[13]

For this reason, this Court should deny the District's motion to file a surreply.

### C. Plaintiffs' True Statement About Removed Books Is Not a Basis for a Surreply.

The District tells this Court that it removed a different number of books than claimed by the Plaintiffs, so it should get to file a surreply.[14] But the District misses the point. It seeks to file a surreply because Plaintiffs accurately point out that — in addition to the publicly-listed 56 removed books — at least four (and in fact twelve) other books were removed by the District. First, the exact number of removed books is immaterial to the Plaintiffs' argument seeking a preliminary injunction. Whether it's 56, 58, 68, or 71 removed books, it remains unconstitutional. The District does not get to file a surreply simply because of its "desire to have the final word."[15]

The District further misses the point when it improperly and inaccurately accuses Plaintiffs of stating things that are "not true" — first in an email from the

---

[11] *See Abderrahim Tnaib v. Document Techs., LLC*, 450 F. Supp. 2d 87, 89 n.3 (D.D.C. 2006).

[12] Docket 22, Defendant's Motion for Leave to File Surreply, p. 2.

[13] *Hammler v. Dir. Of CDCR*, supra, 2020 U.S. Dist. LEXIS 23653 at *6.

[14] Docket 22, Defendant's Motion for Leave to File Surreply, p. 2.

[15] *Id.*

OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE SURREPLY & SUPPLEMENT
*Adams, et. al v. Matanuska-Susitna Borough Sch. Dist.*
Case No. 3:23-cv-00265-SLG
Page 4 of 7

District's counsel to Plaintiff's counsel,[16] then in its Motion for Leave to File Surreply,[17] and then again in its Surreply to Plaintiff's Motion for Preliminary Injunction.[18] As was put plainly to District's counsel: There were 56 books publicly listed by the District as removed for review.[19] The District then disclosed through discovery a longer list of books that have been removed for review, and that list included twelve books that were *not* publicly listed for removal.[20] These twelve books are listed in the District's table of removed books as: *Age of Consent, Allegedly, America, Anne Frank's Diary – graphic adaptation, Ask the Passengers, Beloved, Glass (bk 4), Hate U Give, Losing It, Poet X, Twisted, Young Elites.*[21] Again, not a single one of these twelve books are listed on the District's public list of removed books, which totals 56.[22] The District Superintendent even concedes that there are at

---

[16] Docket 22-2 (Email Between John Ptacin and Savannah Fletcher,) at 5.

[17] Docket 22 (Defendant's Motion for Leave to File Surreply), at 2.

[18] Docket 22-3 (Surreply to Plaintiff's Motion for Preliminary Injnction & Supplement to Opposition to Motion for Preliminary Injunction), at 3.

[19] Docket 1 (Complaint), at 5, n.4; Docket 7 (Answer), at 3, ¶¶ 10-11.

[20] Docket 19-4 (Plaintiffs' Exhibit 3). It is worth noting that Plaintiffs' exhibit contains the identical table the District wishes to supplement as an exhibit in docket 22-4; the supplement is accordingly unnecessary.

[21] *Id.*

[22] The District seeks to confuse the issue because some of the 56 books it publicly listed as removed were apparently not available in the District libraries even before their public "removal," so even though they were listed for removal and review, the District has no intention of reviewing them currently since it cannot return a book that does not exist in its catalog. *See* Docket 22-3 (Aff. of Justin Ainsworth), at 8, ¶ 5. The nine books that were listed in the original list of 56 books up for removal but that do not actually exist in the library's current catalog include *The Duff, Exit Here, The*

OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE SURREPLY & SUPPLEMENT
*Adams, et. al v. Matanuska-Susitna Borough Sch. Dist.*
Case No. 3:23-cv-00265-SLG
Page 5 of 7

least 58 books now being reviewed, compared to the originally-listed 56.[23]

Accordingly, Plaintiffs *correctly* stated the facts in their reply in support of the preliminary injunction. Allegations of an incorrect statement cannot be the basis for a surreply. And even if there had been a misstatement — which there was not — it does not change the legal analysis for the preliminary injunction and is not a valid basis for a surreply.

## II. The District Fails to Meet Standard to Supplement the Record.

Local Civil Rule 7.1(d)(2) permits supplementation of factual materials only by motion for good cause, and "[s]uch motions will not routinely be granted." The party seeking to supplement the record must state why earlier filing was not possible or the relevance was not earlier appreciated.

Plaintiffs agree that the School Board's decision made on February 21, 2024, was not available earlier and that the School Board's exact vote on some of the removed books is relevant. The Superintendant's email sharing his perspective of the vote and how he interprets its impact is *not* relevant nor appropriate to supplement the record with at this time.

For this reason the Plaintiffs oppose supplementing the record with one party's emails discussing removed books and the School Board's actions. Instead, Plaintiffs

---

*Haters, Homegoing, How Beautiful the Ordinary, Kite Runner Graphic Novel, Last Night at the Telegraph Club, Red White and Royal Blue,* and *Sex: an uncensored guide.*

[23]   Docket 22-3 (Aff. of Justin Ainsworth), at 8, ¶ 5; Docket 7 (Answer), at 3, ¶ 10.

Northern Justice Project, LLC
A Private Civil Rights Firm
406 G Street, Suite 207
Anchorage, AK 99501
Phone: (907) 308-3395; Fax: (866) 813-8645

OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE SURREPLY & SUPPLEMENT
*Adams, et. al v. Matanuska-Susitna Borough Sch. Dist.*
Case No. 3:23-cv-00265-SLG
Page 6 of 7

have simultaneously filed a separate motion to supplement the record with the exact and official motion by the School Board regarding some of the removed books.[24]

The District's motion to supplement its opposition with an email it wrote should be denied.

DATED this 8th day of March, 2024

    NORTHERN JUSTICE PROJECT, LLC

    By: /s/ Savannah Fletcher
        James J. Davis, Jr., AK Bar No. 9412140
        Savannah Fletcher, AK Bar No. 1811127
        Aneliese Palmer, AK Bar No. 2201001

    AMERICAN CIVIL LIBERTIES UNION OF ALASKA FOUNDATION

    By: /s/ Ruth Botstein
        Ruth Botstein, AK Bar No. 9906016

    Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2024, a copy of the foregoing was served electronically through the CM/ECF system on all registered case users.

By: /s/ Savannah Fletcher
Savannah Fletcher

---

[24] *See* Docket 23, Plaintiff's Motion to Supplement Factual Materials (filed March 8, 2024).